# Benjamin M. Plummer, Plff. in Err., *v.* Eliza J. Barnett, Exrx.

Where a tenant, having the option to purchase the demised premises at a fixed price during the term, tenders the landlord the purchase money and a deed for execution which embraces more than the premises, and is refused by the landlord, the deed so qualifies the tender as to render it abortive.

Such a qualified tender cannot operate as notice of the tenant's election to purchase, in such a way as to cast upon the landlord the duty to prepare and tender a proper deed.

(Argued March 28, 1888. Decided May 7, 1888.)

January Term, 1888, No. 253, E. D., before GORDON, Ch. J., PAXSON, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 1 of Philadelphia County to review a judgment on a verdict for the plaintiff in an action of ejectment, June term, 1885, No. 198. Affirmed.

On October 5, 1881, Eliza J. Barnett, the plaintiff below, as executrix of Thomas J. Barnett, deceased, leased to Benjamin M. Plummer, the defendant below, a factory and lot in Philadelphia for three years from November 1, 1881, "the lessee to take the buildings as they now stand" with a covenant by the plaintiff giving the defendant a right to purchase the "lot and buildings now leased to him" for a fixed sum at any time before the expiration of the term. On one side of the factory was an alley, which was not included in the metes and bounds of the demised premises, but was overhung and covered by the second story of the factory and used in common by the defendant and the tenants of the plaintiff's adjoining houses. On November 1, 1884, the defendant paid the rent in full and tendered the purchase money with a deed for execution by the plaintiff, which contained a grant of the soil of the alley, subject to its common use as before. The plaintiff refused to execute the deed, and upon the defendant's failure to pay rent entered judgment in

ejectment against him in accordance with the lease. The judgment was opened and the defendant was let into a defense. A trial resulted in a verdict for the defendant. Judgment entered on this verdict was reversed on error and a writ of *venire facias de novo* was awarded. Barnett v. Plummer, 5 Sad. Rep. 34.

At the second trial (before BIDDLE, J.) the defendant introduced evidence to prove that the description in the deed tendered by him to the plaintiff was correct. The plaintiff introduced evidence to the contrary.

The defendant submitted, *inter alia,* the following points:

1. Notice to the landlord by the tenant on or before November 1, 1884, that the privilege of purchase was to be exercised, created a valid contract of sale, and from the time of such notice the relation of landlord and tenant ceased and the parties assumed the relation of vendor and vendee, and it then became the duty of Mrs. Barnett to tender a conveyance.

*Ans.* Refused. [1]

2. If the jury believe that a tender was made by Plummer, the defendant, to Mrs. Barnett, the plaintiff, on or before November 1, 1884, of $2,000 in money as purchase money, that was notice to plaintiff of the exercise of the privilege of purchase, and terminated the relation of landlord and tenant between the parties.

*Ans.* Refused. [2]

3. If the jury believe that on or before November 1, 1884, defendant notified plaintiff that he would exercise his privilege of purchase, and at the same time defendant voluntarily presented a deed to plaintiff for examination and execution, which deed plaintiff declined to receive, such facts do not relieve plaintiff from complying with her part of her contract and from tendering a deed.

*Ans.* Refused. [3]

5. If the jury believe that the parties occupy the relation of vendor and vendee, and that Mrs. Barnett, the plaintiff, has not tendered a conveyance to defendant, then the verdict should be for the defendant.

*Ans.* Refused. [4]

7. The courses and distances in a deed always give way to the boundaries found on the ground. Therefore if the jury believe that the factory building, leased to and occupied by the de-

fendant, extended to the east wall of the houses, and that the
distance from the west side of the alley to the western fence
erected on the ground at the time of the lease was 34 feet, and
that the eastern line of the houses was distinctly marked by
the houses being set back farther from Reed street than the fac-
tory, these marks upon the ground and buildings should be con-
sidered in determining the boundaries of the premises in this
action.

*Ans.* Refused. [5]

8. The clause in the lease which reads as follows: "It be-
ing understood and agreed that this does not include the lot on
the southeast corner of Reed and Flora streets, with the two (2)
dwelling houses thereon erected, said lot being 34 feet on Reed
street, by 50 feet more or less, on Flora street,"—means that this
lot and the two dwelling houses were alone excluded from the
lease, and should be considered in determining the boundaries
of the premises in this action.

*Ans.* Refused. [6]

The court directed a verdict for the plaintiff. [7]

Verdict and judgment accordingly.

The assignments of error on which stress was laid specified
the refusal of the points as indicated by figures.


*E. Cooper Shapley,* for plaintiff in error.—The plaintiff in
error gave Mrs. Barnett notice that he would exercise his priv-
ilege of purchase and she was bound to tender him a deed. She
could not proceed to eject him unless he refused to accept the
deed and to pay the purchase money. Knerr v. Bradley, 16
W. N. C. 73; Newell's Appeal, 100 Pa. 513.

A verbal notice from Plummer was sufficient. Smith's Ap-
peal, 69 Pa. 474; Sweitzer v. Hummel, 3 Serg. & R. 228.

The moment Plummer gave that notice he was bound by his
contract, and might have been sued for the whole purchase
money immediately upon being offered a deed, if he refused to
comply with his contract. Murray v. Ellis, 17 W. N. C. 393.

It would be a harsh rule that would deprive a tenant, who
had made large improvements, of his right of purchase, when he
was ready to pay the purchase money, merely because he vol-
untarily sent a deed to the lessor for examination, but made
no part of his notice or tender dependent upon such deed. Hawk
v. Greensweig, 2 Pa. St. 295.

If this case were analogous to cases of tender in discharge of personal obligations, the principles of such cases are in favor of plaintiff in error.

No case has gone so far as to hold that a tender would be bad because a receipt for the sum tendered was requested. 3 Parsons, Contr. ed. 1866, p. 645.

But this case is not analogous, because no tender by Plummer was necessary, and the doing of more than was necessary to be done should not affect Plummer's rights.

The description being ambiguous, evidence as to lines and marks on the ground should have been submitted to the jury. Petts v. Gaw, 15 Pa. 218; Lodge v. Barnett, 46 Pa. 477; Dawson v. Mills, 32 Pa. 302.

The court should not have directed a verdict for plaintiff.

If it should be thought that the mere notice by Plummer was not sufficient, and that the question as to how the tender was made is material, then the question as to whether a tender was made conditionally or not is for the jury. Marsden v. Goode, 2 Car. & K. 133.

There was no notice in the suit of any claim for mesne profits. It is usual to bring a separate action for them. Osbourn v. Osbourn, 11 Serg. & R. 57.

To secure them in the action of ejectment the plaintiff must give notice of his intention to claim them. Bayard v. Inglis, 5 Watts & S. 465.

*John Roberts,* for defendant in error.—The right of way did not pass as a necessary incident, as its use was not necessary for the beneficial enjoyment of the messuage. Hinchliffe v. Kinnoul, 5 Bing. N. C. 1.

A right of way, not being an apparent and continuous easement, does not pass as incident to separate enjoyment of portion of land severed, nor will the right pass as an implied grant, unless the owner uses language to show that he intended to create the easement *de novo.* James v. Plant, 4 Ad. & El. 749; Worthington v. Gimson, 2 El. & El. 618; Ogden v. Grove, 38 Pa. 487.

No doubt, by a conveyance of the land on the easternmost side of the alley, and the fact that the second story of the messuage, erected on said land, extended over said alley, the easement to build over the alley would be created; but it cannot be argued

that the fee of the soil of said alley, in consequence, would pass by implied grant to the grantee, especially when the way originated in the user by the vendor of his own land for his own convenience and had no existence prior to the unity of possession of the vendor. Barlow v. Rhodes, 3 Tyrw. 280; Thomson v. Waterlow, L. R. 6 Eq. 36; Robinson v. Myers, 67 Pa. 9.

The words, "and all the buildings thereon," in a deed of land described by metes and bounds, can have no legal operation in determining the extent of the tract conveyed. Crosby v. Parker, 4 Mass. 110; Cox v. Couch, 8 Pa. 147; Ogden v. Porterfield, 34 Pa. 191.

General words in a conveyance passing all ways with the land conveyed, occupied, or enjoyed, will not convey to the vendee a way which originated in the user by the vendor of his own land for his own convenience, and which had no existence prior to the unity of possession of the vendor. Langley v. Hammond, L. R. 3 Exch. 161.

By a deed of a specific piece of land, carved out of a larger piece held by the grantor, "with all the privileges and appurtenances thereunto belonging," a way not annexed to the land by any natural or legal necessity, but as a matter of ease and convenience only, does not pass. Grant v. Chase, 17 Mass. 443, 9 Am. Dec. 161.

PER CURIAM:

We held when this case was here before (Barnett v. Plummer, 5 Sad. Rep. 34), that Plummer's tender was so qualified by the deed, which he at the same time presented for execution, as to render it abortive. As there is nothing in the present case which leads us to a different conclusion, we must affirm the judgment.

The judgment is affirmed.